UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

SHAUN TAYLOR,

    Plaintiff,

v.

CLARK COUNTY SCHOOL DISTRICT, *et al.*,

    Defendants.

Case No. 2:18-cv-01264-KJD-VCF

**ORDER**

Presently before the Court for consideration is defendants Clark County School District's ("CCSD") and Keith France's ("France") Joint Motion to Dismiss (#15). Plaintiff Shaun Taylor ("Taylor") filed a response in opposition (#20) to which defendants replied (#21).

I. **Facts**

Plaintiff, Shaun Taylor, is black/African American and was an employee of CCSD. Compl. 2, ECF No. 1. She was an employee at the school where France was the principal. Id. On April 26, 2017, despite her taking a sick day, France wrote Taylor up because she did not proctor an exam. Id. About a month later, on May 22, 2017, Taylor reported to her supervisor, Ms. McIntyre, that France had discriminated against her on the basis of her race. Id. Taylor states that she cried during that report. Id.

On May 30, 2017, Taylor's union representative informed she and France that Taylor was approved for leave under the Family and Medical Leave Act ("FMLA") because of her stress and anxiety. Id. at 3. The union representative advised Taylor that she could only be on school property during her FMLA release time if it was for activities related to her son who attended the school. Id. On June 1, 2017, while picking her son up from school, Taylor had a panic attack, and because she felt dizzy, Taylor "reached out and held onto" Ms. McIntyre. Id. According to Taylor, France later made statements that Taylor grabbed and shook Ms. McIntyre during this

event. Id. While the paramedics tended to Taylor, a security officer attempted to read her a trespass warning; however, the security officer stopped upon noticing that the panic attack had rendered her incoherent. Id. at 3. Taylor was hospitalized for that panic attack. Id. at 5. The following day, France sent an email to Taylor with a trespass notice, but Taylor claims that she did not check her email that contained the notice until July 27, 2017. Id.

On the evening of June 3, 2017, Taylor entered the school to retrieve her personal belongings. Id. In response, France filed a police report against Taylor for trespass, however the charges were eventually dismissed. Id. at 4. Taylor requested and was granted a transfer to a different school because of France's alleged harassment. Id. After her transfer, France sent a representative to serve Taylor with disciplinary documents at her new school. Id. According to Taylor, France also alluded to her lack of fitness to teach. Id. at 7.

On August 24, 2017, Taylor filed her Equal Employment Opportunity Commission ("EEOC") Employment Discrimination Complaint and requested a Right to Sue letter. Id. at 4. The Right to Sue letter was mailed on April 3, 2018, but was returned to the post office on April 10, 2018, for non-delivery. Id. According to Taylor, she received the Right to Sue letter on April 12, 2018, and then commenced this action on July 11, 2018. Id. at 8.

## II. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than mere "labels and conclusions or a formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Thus, "[to] survive a motion to dismiss, a complaint must contain sufficient factual matter to 'state a claim for relief that is plausible on its face.'" Iqbal, 556 U.S. at 678.

In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply

when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions or mere recitals of the elements of a cause of action, supported only by conclusory statements, are not entitled to the assumption of truth. Id. at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 678.

Further, where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief." Id. at 679 (internal quotation marks omitted). Thus, when the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. Twombly, 550 U.S. at 570. Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party." In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996).

**III. Analysis**

Taylor brings six total causes of action before the Court. Her claims divide into two groups: claims against both CCSD and France and claims against France individually. Taylor first alleges Title VII Racial Discrimination, Title VII Retaliation, and FMLA Discrimination against CCSD and France. She then alleges abuse of process, defamation, and intentional infliction of emotional distress ("IIED") against France alone. The parties agree that Taylor's FMLA claim is not the subject of this motion, and the Court will not discuss it at this time. That leaves Taylor's Title VII claims, her abuse of process claim, her defamation claim, and her IIED claim for this analysis.

**A. Title VII Discrimination & Retaliation**

The School District argues that the entirety of Taylor's Title VII claim (racial discrimination and retaliation) should be dismissed with prejudice because they are time barred. The Court agrees.

The timeliness of Taylor's complaint depends on when her 90-day statutory filing period began. When a claimant desires to file a civil suit under Title VII, they must first file a charge

with the EEOC. Nelmida v. Shelly Eurocars, Inc., 112 F.3d 380, 383 (9th Cir. 1997). The EEOC performs its own investigation and may then file suit on the employee's behalf or dismiss the claim. 42 U.S.C. § 2000e-5(b) (2009). If the EEOC dismisses the claim, it issues a Right to Sue letter that notifies the claimant of the decision to dismiss the EEOC complaint. Id. The claimant then has ninety days to file suit. Id.; Nelmida, 112 F.3d at 383.

The Ninth Circuit gives clear guidance on when the clock for the 90-day period begins to run in circumstances like Taylor's. The 90-day period begins "when delivery of the right-to-sue notice was attempted at the address of record." Id. at 384. Therefore, the clock started on Taylor's statute of limitations the day the postal service attempted delivery of the Right to Sue letter.

Here, the complaint shows that the postal service attempted to deliver the Right to Sue letter on or before April 10, 2018. Compl. 4, ECF No. 1 ("[t]he letter was sent back to the post office for non-delivery on April 10, 2018"). This indicates that on or before April 10, 2018, the postal service attempted to deliver the Right to Sue letter to Taylor's residence. Therefore, Taylor's 90-day timeframe began on or before April 10, 2018, and ended on or before July 9, 2018. Taylor did not file this suit until July 11, 2018. Accordingly, Taylor's Title VII claims are barred by the statute of limitations.

Because the statute has expired on Taylor's Title VII claims, the Court must dismiss them unless she qualifies to have the statute tolled. Nelmida, 112 F.3d at 384. The statute of limitations here is not subject to equitable tolling. Equitable tolling allows the court to suspend the limitations period and allow an otherwise untimely claim to proceed. Id. (citing Scholar v. Pac. Bell, 963 F.2d 264, 268 (9th Cir. 1992)). The Supreme Court has given examples of when a statute can be tolled. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). Taylor must show some legitimate justification for her untimeliness such as the filing of a defective pleading or showing that she was induced or tricked by her adversaries' misconduct or some other reasonable explanation for her untimeliness. Id. Here, however, Taylor offers no justification for the untimeliness of her filing, and even if she did, the Court would be slow to accept it because if the plaintiff did receive the letter on April 12, 2018, she still had eighty-eight days to preserve

1  her legal rights and failed to do so. See Nelmida, 112 F.3d at 384.

2  Therefore, the Court finds that Taylor's Title VII claims are time-barred and grants CCSD's motion to dismiss those claims with prejudice.

### B. Abuse of Process

Next, France moves to dismiss Taylor's abuse of process claim. He argues that filing a police report for trespass is not a sufficient use of the legal process to support a claim for abuse of process. The tort of abuse of process protects the integrity of the judicial system by prohibiting malicious use of the courts by a party with an ulterior motive to resolving a genuine legal dispute. See Land Baron Invs., Inc. v. Bonnie Springs Family Ltd. P'ship, 356 P.3d 511, 519 (Nev. 2015); LaMantia v. Redisi, 38 P.3d 877, 879 (Nev. 2002). There are two elements to an abuse of process claim. Taylor must show that France had 1) "an ulterior purpose … other than resolving a legal dispute," and that France engaged in 2) "a willful act in the use of the legal process not proper in the regular conduct of the proceeding." Id.

Whether the filing of a police report is enough to trigger abuse of process is a question the Nevada Supreme Court has not yet answered. In such cases, this Court "must use its best judgment to predict how that court would decide." Med. Lab. Mgmt. Consultants v. Am. Broad. Cos., Inc., 306 F.3d 806, 812 (9th Cir. 2002). Accordingly, the Court looks to nearby jurisdictions for clarification. The overwhelming majority agrees that the filing of a police report—on its own—does not constitute the use of the legal process. See Weitzman v. City of Seattle, CASE NO. C14-1041 MJP, 2016 WL 852749, at *7 (W.D. Wash. March 4, 2016) (holding that filing a general offense report occurs before the legal proceedings, and thereby is not a part of the judicial process); Alejandro v. Williamson, No. 1:06-CV-00449-OWW-GSA., 2008 WL 1925246, at *13 (E.D. Cal. April 30, 2008) (holding that "the preparation of a police report does not involve the process of any court"); Fappani v. Bratton, 407 P.3d 78, 82–83 (Ariz. Ct. App. 2017) (holding that "a report to the police is not sufficient to constitute 'legal process' required for an abuse-of-process claim"); Oren Royal Oaks Venture v. Greenburg, Bernhard, Weiss & Karma, Inc., 728 P.2d 1202, 1209 (Cal. 1986) (holding that "the mere filing and maintaining a lawsuit, even for an improper purpose, is not a proper basis for an abuse of process

action"); Hood v. City Inv. Capital, No. G053478, G053942, 2017 WL 2705623, at *4 (Cal. Ct. App. June 23, 2017) (holding that the reporting to the police "had nothing to do with the court at all").

Other judges in this district have come to the same conclusion. See Banerjee v. Cont'l Inc., Case No. 2:16–CV–669–JCM–VCF, 2016 WL 5939748, at *4 (D. Nev. October 11, 2016) (holding that after the police report is filed, the state uses the legal process, not the defendant); Mitchell v. City of Henderson, No. 2:13–cv–01154–APG–CWH., 2015 WL 427835, at *21 (D. Nev. February 2, 2015) (holding that merely filing a criminal complaint is not enough to support an abuse of process claim).

Besides filing the police report, France was not involved in the trespass case against Taylor. Likewise, the state—not France—pursued the trespass charge against Taylor. Therefore, France cannot be liable for abuse of process. Accordingly, the Court grants the motion to dismiss Taylor's claim for abuse of process.

**C. Defamation and Defamation Per Se**

France next moves to dismiss Taylor's defamation claim because the complaint does not present enough factual information to "state a claim for relief that is plausible on its face." Iqbal, 556 U.S. at 678.

The elements of a claim for defamation are: 1) a false or defamatory statement; 2) an unprivileged publication to a third person of the statement; 3) fault amounting to at least negligence; and 4) actual or presumed damages. Pope v. Motel 6, 114 P.3d 277, 282 (Nev. 2005). Where the statements impute a "person's lack of fitness for trade, business, or profession," it is considered defamation per se, and damages are presumed. Clark Cty. Sch. Dist. v. Virtual Educ. Software, Inc., 213 P.3d 496, 503 (Nev. 2009). When a complaint offers nothing more than a "formulaic recitation of the elements of a cause of action" masked as factual allegations, the cause of action cannot survive a motion to dismiss. Iqbal 556 U.S. at 678. This Court will not "assume the truth" of such statements. Blanck v. Hager, 360 F.Supp.2d 1137, 1160 (D. Nev. 2005).

The complaint offers two factual instances of France making false statements: 1) when

France made statements that Taylor grabbed and shook Ms. McIntyre and 2) when France "alluded" to Taylor's lack of fitness to teach. Both statements of the complaint fail to indicate a publication of this information to a third party, or how France was at least negligent in the offering of that information. Taylor's complaint states that "[t]hose false statements were published to employees at the school and law enforcement officers." Compl. 7, ECF No. 1. However, this statement refers to the previous conclusory allegation that France "made false and defamatory statements" about Taylor.

The second statement offers no facts of how he "alluded" to her lack of fitness or to whom it was "alluded." While detailed factual allegations are not required, the complaint must offer more than "formulaic recitations of the elements." Iqbal, 556 U.S. at 678. The allegations of Taylor's complaint are merely the elements of defamation and defamation per se disguised as factual allegations. See Compl. ¶¶ 77–81, ECF No. 1. Although defamation does not require a heightened pleading standard, FRCP 8 requires actual factual allegations that satisfy all the elements of the claim. Accordingly, the Court dismisses the defamation claim with leave to amend.

### D. Intentional Infliction of Emotional Distress

Finally, France moves to dismiss Taylor's IIED claim because the complaint fails to identify extreme conduct, outrageous conduct, or severe emotional distress. To succeed on her claim for IIED, Taylor, must show that France's behavior was (1) "extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress," (2) that Taylor "suffered severe or extreme emotional distress," and (3) that the France's conduct was the "actual or proximate" cause of her emotional distress. Star v. Rabello, 625 P.2d 90, 92 (Nev. 1981).

Taylor's claim fails because she has not pleaded facts to demonstrate that France's actions were extreme or outrageous. The Nevada Supreme Court directs that outrageous and extreme behavior must be "outside all possible bounds of decency," and "utterly intolerable in a civilized community." Maduike v. Agency Rent-A-Car, 953 P.2d 24, 25 (Nev. 1998). In Olivero v. Lowe, the Nevada Supreme Court gave an example of conduct that was extreme and

outrageous enough to be successful in an IIED claim. 995 P.2d 1023, 1026 (Nev. 2000). There, Olivero hired Lowe's company to work on Olivero's home. Id. In a dispute over the quality of the work, Olivero brandished a gun to Lowe, punched Lowe in the face, pointed the gun at Lowe's head threatening to take his life, and forced Lowe to dismantle some of his construction work under gunpoint, all without apparent provocation. Id. The Court found that Olivero's actions were extreme and outrageous.

Here, France's alleged actions pale in comparison to Olivero and were not "outside all possible bounds of decency" or "utterly intolerable in a civilized community." Maduike, 953 P.2d at 25. The facts the plaintiff offers that could even possibly be extreme and outrageous are that France 1) attempted to remove Taylor from the premise and issued her a trespass warning in the midst of a panic attack, 2) filed criminal trespass charges against Taylor, and 3) issued Taylor disciplinary documents at her new assignment. While perhaps rude or annoying, France's actions do not meet the level of extreme or outrageous that an IIED claim requires.

Taylor must also show an "objectively verifiable" indication of the severity of their emotional distress, which she has not done. See Miller v. Jones, 970 P.2d 571, 577 (Nev. 1998). The complaint fails to show that Taylor suffered any severe emotional distress caused by the three above listed actions. All three allegations of France's extreme and outrageous happened during or subsequent to the June 1, 2017, panic attack. The complaint states that Taylor suffered more panic attacks but fails to state when the other panic attacks occurred. The only other instances of potential emotional distress that the complaint alludes to are crying during the report to Ms. McIntyre, more panic attacks, stress and anxiety, fear, mortification, and hurt feelings. The only specific examples of emotional distress in the complaint are the panic attack on June 1, 2017, and the stress and anxiety that lead to the FMLA release, neither of which amount to severe emotional distress.

Therefore, because the complaint fails to allege extreme and outrageous behavior, and because the complaint fails to allege severe emotional distress, the claim for IIED is dismissed with leave to amend.

**IV.  Conclusion**

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#15) is **GRANTED**;

IT IS FURTHER ORDERED that any amended complaint, addressing the IIED claim or the defamation claim, be filed within thirty (30) days.

Dated this the 6th day of June 2019.

                                              _____
                                              Kent J. Dawson
                                              United States District Judge